# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **DENISE DAY,** § § § Plaintiff, § § **v.** § § **AVANT CREDIT CORPORATION,** § § Defendants. § § § | Civil Action No.: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

DENISE DAY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AVANT CREDIT CORPORATION ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendants conduct business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Fort Worth, Texas.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its headquarters located at 225 W. Randolph Street, Chicago, Illinois, 60606.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for several years.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Throughout May 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Plaintiff knew Defendant was utilizing an automated dialing system as each call began with a delay prior to a representative picking up the phone.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Although Plaintiff had an account with Defendant, she revoked any consent previously given in late May 2015.

18. Defendant, although acknowledging Plaintiff's revocation, ignored her request to cease communication and continued to call.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff, after revocation in late May 2015, were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DENISE DAY respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DENISE DAY, demands a jury trial in this case.

DATED: 10/30/15                      RESPECTFULLY SUBMITTED,

                                      By:   /s/Amy Lynn Bennecoff Ginsburg
                                              Amy Lynn Bennecoff Ginsburg
                                              Attorney for Plaintiff
                                              Kimmel & Silverman, P.C.
                                              30 E. Butler Pike
                                              Ambler, PA 19002
                                              Phone: (215) 540-8888
                                              Fax: (877) 788-2864
                                              Email: aginsburg@creditlaw.com